PARIENTE, J.,
concurring in result.
I agree with the result reached by the majority. I do not, however, fully concur because the presumption that a trial judge will disregard inadmissible evidence was never intended to apply in non-jury cases where the evidence is actually admitted and the judge either overrules an objection or makes an express finding of admissibility. Where improper evidence is admitted at a non-jury trial, there is no basis for applying a presumption — even a rebuttable one — that the judge would have disregarded that evidence as improper. In such circumstances, I would not apply any presumption at all. Rather, if the record affirmatively shows that the trial judge did not rely on the inadmissible evidence, that fact would be directly relevant to whether or not reversible error occurred.
The presumption is logical, however, when the trial judge, sitting as both the trier of fact and the arbiter of law, is required to consider the evidence in order to rule on its admissibility (e.g., a suppression hearing, a motion in limine, or a proffer). See 45 So.3d at 730, 732. In such circumstances, if the judge determines that the evidence is inadmissible, we presume that the judge disregarded the improper evidence. As explained by the Third District, “[w]hen such evidence is rejected by a trial judge, he is deemed to have the training, experience, and discipline of faculties so as to avoid being influenced by any prejudicial effects therefrom.” Brown, 223 So.2d at 339.
I also would not disapprove the Third District’s decision in J.D., where the Third District did not apply the presumption to inadmissible evidence that the trial judge allowed into evidence. However, I agree that we should quash the Fourth District’s decision in Petion because it erroneously relied on a presumption that the trial judge disregarded evidence that the trial judge expressly held was admissible. I further agree that on remand, the Fourth District should perform a harmless error analysis.
QUINCE, J., concurs.